[Crim. No. 6862.    Second Dist., Div. Two.    Mar. 16, 1960.]

THE PEOPLE, Respondent, v. PRESTON HALL,
Appellant.

Vaughn & Morrow and George L. Vaughn, Jr., for Appellant.

Stanley Mosk, Attorney General, and William E. James, Assistant Attorney General, for Respondent.

HERNDON, J.—Appellant Hall, and his codefendant Oscar Allen, were convicted of four counts of first degree robbery after a nonjury trial in which there was a stipulation for submission of the case upon the transcript of the preliminary hearing, with such further evidence as might be offered and received. The major ground of reversal urged by appellant is that the trial court erred in failing, upon its own motion, to "disqualify" appellant's attorney because of the alleged development during the trial of a conflict of interest between appellant and his codefendant, the same attorney having been employed to represent both.

There is no semblance of merit in this appeal. Appellant was convicted upon overwhelming evidence of guilt, the sufficiency of which cannot be seriously questioned. The record discloses no possible basis for any reasonable or plausible claim of reversible error.

In these circumstances an abbreviated statement of the facts will suffice. On the night of July 12, 1958, a card party was in progress at the home of one Leroy Berry. At about 1:55 a. m. three strangers entered the home. One of the intruders, later identified as appellant, drew a 45-caliber gun. He walked over to one of the card players and commenced whipping him with the gun. Appellant was observed to be wearing a dark suede jacket with a mended tear on the left shoulder. During a scuffle with one of the victims, the mend ripped open. Thereafter, appellant and his confederates took substantial sums of money and numerous items of personal property. Six of the victims gave testimony positively identifying appellant as a participant in the robbery, and picturing him using a deadly weapon in the perpetration of a vicious and ruthless crime.

Shortly after the robbery the police arrived and were given a description of the suspects and of the vehicle in which they had left the scene. A little while later the police observed a parked car which met the description given by the robbery victims. Looking in the car they noticed lying on the seat certain coveralls and a jacket with a tear on the left shoulder. The police returned to their car and waited. A few minutes later appellant and Oscar Allen came and got into the car. The police then placed them under arrest for robbery.

Appellant and his codefendant were represented by counsel

of their own choice. The record discloses no basis whatsoever for any claim that this attorney was not in all respects diligent, faithful and competent in the discharge of his duties to his clients.

Appellant contends, however, that he suffered prejudice because defense counsel deemed it necessary to call as witnesses at the trial two of the robbery victims. These two were the only prosecution witnesses who had identified codefendant Allen at the preliminary hearing. The suggested prejudice lay in the probability that these witnesses who had identified appellant at the preliminary hearing would again identify him at the trial. We see neither prejudice nor conflict of interest in this situation. The two witnesses gave substantially the same testimony both at the preliminary hearing and at the trial. They reaffirmed their identification of both defendants as participants in the robbery. Thus, the interest of the two defendants in the attempt to discredit these prosecution witnesses was not divergent but identical.

So far as the record reveals, the first suggestion of a conflict of interest between appellant and his codefendant was made after the trial and in connection with defendants' motion for a new trial. At the hearing on this motion Allen took the stand and told a story entirely different from that which he had related at the trial. His later version was to the effect that he had participated in the crime unwillingly and under the physical compulsion of his confederates. It is difficult to comprehend how the trial judge could have been expected to anticipate this development or to have pursued any different course of action during the trial. Furthermore, both appellant and Allen were represented by different attorneys in the new trial proceedings, substitutions having been made after the conclusion of the trial.

Since appellant offered no suggestion during the trial that there was any conflict of interest between him and his codefendant, and since he gave no indication that he desired any change of counsel, the following language from *People* v. *Kitchens,* 164 Cal.App.2d 529, 543 [331 P.2d 127], is pertinent: "Both defendants now argue that at some phase of the trial the court should have recognized that there was to be a conflict of interests between the two defendants and have suggested to them that one or the other get another attorney. In 14 California Jurisprudence 2d, section 156, page 393, it is stated: 'The trial court is under no duty to ascertain whether or not a conflict of interest might arise between codefendants

for whom the same counsel has been *appointed*; any conflict should be brought to the court's attention by objection raised by defendants or counsel.' (Emphasis added.) So much more is this true of an attorney selected by the parties themselves as here, rather than one appointed by the court. Moreover, not until final argument did either of the parties see any conflict in their interests, and even then, Kitchens did not ask for another attorney.''

The judgment of conviction and the order denying appellant's motion for a new trial are affirmed. The appeal from the order denying probation is dismissed. (*People* v. *Walters,* 148 Cal.App.2d 426, 427 [306 P.2d 606].)

Fox, P. J., and Ashburn, J., concurred.